UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: PATRICIA M. ATWOOD,        Case No. 10-13259 J

Debtor.

---

PATRICIA M. ATWOOD,

    Plaintiff,

v.                                          Adversary No. 10-1145 J

GE MONEY BANK, GENERAL ELECTRIC
CAPITAL CORPORATION, LAW OFFICES OF
FARRELL & SELDIN, and BARRY A. SELDIN,

    Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiffs' Second, Third and Fourth Claim[s] for Failure to State a Claim Upon which Relief can be Granted ("Motion to Dismiss") filed by and through Defendants' counsel of record, Law Office of Jack Brant, P.C. (Jack Brant). Plaintiff filed this adversary proceeding against Defendants based on allegations of improper debt collection activity in violation of the following: 1) the automatic stay imposed by 11 U.S.C. § 362 of the Bankruptcy Code; 2) the Fair Debt Collections Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"); 3) the New Mexico Unfair Practices Act, N.M.S.A. 1978 § 57-12-1, *et. seq.* ("NM-UPA"); and 4) the New Mexico common law for unfair debt collection.[1] Defendants assert that Plaintiff's exclusive remedy for the actions she complains of is provided under 11 U.S.C. § 362(k)[2] such that Plaintiff cannot also

---

[1] *See* Complaint for Damages for Violations of the Automatic Stay, Fair Debt Collections Practices Act and Unfair Practices Act ("Complaint"), Docket No. 1.
[2] Section 362(k) provides, in relevant part:

maintain causes of action under the FDCPA, the NM-UPA, or the New Mexico common law premised on the same allegations.

After considering the relevant case law and being otherwise sufficiently informed, the Court finds that, while it is possible to maintain separate causes of action for alleged violations of the automatic stay and for alleged violations of the FDCPA, the Court lacks jurisdiction over Plaintiff's alleged claims under the FDCPA and her state law causes of action because resolution of those claims could have no impact on the bankruptcy estate. Consequently, the Court will dismiss Plaintiff's Second, Third, and Fourth Claims asserted in the Complaint for lack of subject matter jurisdiction.

DISCUSSION

I. Whether the Bankruptcy Code Provides the Exclusive Remedy for Alleged Post-Petition Collection Activity[3]

Defendants assert that Plaintiff's exclusive remedy for the Defendants' alleged post-petition collection activities is provided under the Bankruptcy Code such that Plaintiff cannot also maintain a claim under the FDCPA premised on the same conduct. There is a split in circuit court authority on this issue.[4]

---

> [A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.
> 11 U.S.C. §362(k)(1).

[3] Because two federal statutes are at issue, the issue is not whether pre-emption prevents Plaintiff from proceeding under the FDCPA. *Randolph v. IMBS, Inc.,* 368 F.3d 726, 730 (7th Cir. 2004)(explaining that "[o]ne federal statute does not preempt another[,]" and stating further that "[w]hen two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other . . .")(citations omitted).

[4] *Compare Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502 (9th Cir. 2002)(holding that debtor's remedy for alleged violations of the discharge injunction is found under the Bankruptcy Code so that debtor could not also pursue a claim under the FDCPA) *with Randolph,* 368 F.3d at 732 (finding that 11 U.S.C. § 362 and the FDCPA overlap, but are not incompatible so that the Bankruptcy Code does not provide the exclusive remedy; debtor could maintain an action under the FDCPA premised on post-bankruptcy debt collection activities). *See also, Gunter v. Columbus Check Cashiers, Inc. (In re Gunter),* 334 B.R. 900, 903 (Bankr.S.D.Ohio 2005)(recognizing that "[t]here is a circuit split on the issue of whether the Bankruptcy Code precludes FDCPA claims."). The Tenth Circuit has not considered this issue. Other courts considering this issue are divided. *See, e.g., Degrosiellier v. Solomon & Solomon, P.C.,* 2001 WL 1217181, *5 (N.D.N.Y. Sept. 27, 2001)(holding that plaintiff could not maintain claims

2

In *Walls v. Wells Fargo Bank, N.A.,* 276 F.3d 502, the debtors alleged that the creditor violated the discharge injunction and the FDCPA by attempting to collect a debt that had been discharged in bankruptcy.[5] The *Walls* court held that the debtor could not pursue a claim for violation of the discharge injunction and for violation of the FDCPA, finding that the Bankruptcy Code precludes a simultaneous claim under the FDCPA. 276 F.3d at 510. Because the debtor's FDCPA claim was based on the creditor's alleged violation of the discharge injunction, the court would necessarily have to consider bankruptcy issues in order to resolve the debtors' FDCPA claim. *Id.* Thus, the *Walls* court reasoned that because the Bankruptcy Code provides its own remedy for violations of the discharge injunction, allowing a simultaneous claim under the FDCPA based on an alleged violation of 11 U.S.C. § 524 would enable the debtor to "circumvent the remedial scheme of the [Bankruptcy] Code." *Id.*

In *Randolph,* the Seventh Circuit reached the opposite conclusion when it examined the question of whether a debtor could pursue a claim under the FDCPA when the alleged actions that formed the basis of the debtor's claim under the FDCPA would constitute a willful stay violation under 11 U.S.C. § 362 of the Bankruptcy Code. The Seventh Circuit compared the

---

pursuant to the FDCPA when the claims were "based directly on the premise that defendant violated the Bankruptcy Code by seeking payment from her on a debt discharged in bankruptcy"); *Jones v. Wolpoff & Abramson, L.L.P.,* 2006 WL 266102, *2 (E.D.Pa. Jan. 31, 2006)(following *Walls* and concluding that plaintiff's claim under the FDCPA was "preempted by the Bankruptcy Code"); *Miller v. Ameriquest Mortgage Co. (In re Laskowski),* 384 B.R. 518, 527-528 and n.9 (Bankr.N.D.Ind. 2008)(agreeing with the reasoning of *Randolph,* and noting that "courts not under the jurisdiction of the Ninth Circuit have been persuaded . . that the Bankruptcy Code neither precludes claims under the FDCPA nor impliedly repeals the FDCPA)(collecting cases); *Gunter,* 334 B.R. at 904 (following *Randolph*).

[5] The debtors in *Walls* filed their case in the district court. Following Wells Fargo's motion to dismiss, the Wallses moved to refer the core bankruptcy issues to the bankruptcy court. The district court granted the motion and referred the claims for willful violation of the automatic stay and for contempt (under 11 U.S.C. §105) to the bankruptcy court. *Walls,* 276 F.3d at 505. *Walls* also considered the issue of whether 11 U.S.C. § 524 creates a private right of action and held that a debtor's remedy for violation of the discharge injunction is through the bankruptcy contempt powers under 11 U.S.C. § 105. *Id.* at 510 (reasoning that because the Bankruptcy Code "*has* an enforcement mechanism for violations of § 524 via the contempt remedies under § 105(a) . . . . [i]mplying a private remedy [under § 524] could put enforcement of the discharge injunction in the hands of a court that did not issue it . . . which is inconsistent with the present scheme that leaves enforcement to the bankruptcy judge whose discharge order gave rise to the injunction.").

FDCPA and 11 U.S.C. § 362(h)[6] side by side and found that while the two statutes overlap, "[i]t is easy to enforce both statutes, and any debt collector can comply with both simultaneously." *Randolph,* 368 F.3d at 730.   Thus the *Randolph* court rejected the argument that the Bankruptcy Code provides a comprehensive remedial scheme and found that the Bankruptcy Code did not "work an implied repeal of FDCPA" so that the debtor could maintain a claim under the FDCP based on a post-bankruptcy demand for payment.  *Id.* at 732.

The Court is persuaded by the reasoning of the Seventh Circuit.[7]  The FDCPA and the willful stay violation provision under the Bankruptcy Code are both aimed at inappropriate debt-collection activity; yet they have different standards and different remedies.[8]  Both statutes are enforceable because "the 'operational differences' between the statutes do not 'add up to irreconcilable conflict.'"[9]  Enforcement of the automatic stay provisions under the Bankruptcy Code is not Plaintiff's exclusive remedy for collection activity that could also constitute a violation of the FDCPA.[10]  However, as explained below, this Court lacks jurisdiction over Plaintiff's claims under the FDCPA and state law.

---

[6] Willful violation of the automatic stay is now codified at 11 U.S.C. § 362(k).

[7] The result might be different, however, if the conduct in question related to actions taken in or in connection with the bankruptcy case itself.  *See, e.g., Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 96 and n. 2 (2nd Cir. 2010)(affirming the bankruptcy court's dismissal of a claim under the FDCPA on the ground that the Bankruptcy Code provides the exclusive remedy for wrongfully filed proofs of claim); *In re Chaussee,* 399 B.R. 225, 236-237 (9th Cir. BAP 2008)(holding within the context of filing proofs of claim in bankruptcy that plaintiff could not pursue a claim under the FDCPA, reasoning that "where Codes and Rules provide a remedy for acts taken in violation of their terms, debtors may not resort to other state and federal remedies to redress their claims lest the congressional scheme behind the bankruptcy laws and their enforcement be frustrated.").

[8] As explained by the District Court in *Drnavich v. Cavalry Portfolio Service, LLC,* 2005 WL 2406030, *1 (D.Minn. Sept. 29, 2005), "if a plaintiff shows a willful violation, then punitive damages would be available under the Bankruptcy Code.  However, if a debt collector did not act willfully, but only negligently, a plaintiff could still proceed under the FDCPA, which has no scienter requirement." (citing *Randolph,* 368 F.3d at 730).  *See also, Randolph,* 368 F.3d at 728 (noting that "[i]f a willful violation can be shown, both actual and punitive damages are available, while violations of the FDCPA generally lead to small penalties and never to punitive damages.").

[9] *Gunter,* 334 B.R. at 904 (quoting *Randolph,* 368 F.3d at 731 and agreeing "with the conclusion in *Randolph* that the Bankruptcy Code and the FDCPA do not irreconcilably conflict with each other so as to repeal the FDCPA by implication.").

[10] *See Randolph,* 368 F.3d at 730. *But cf. Goad v. MCT Group,* 2009 WL 4730905, *3 (S.D.Cal. Dec. 7, 2009)(rejecting plaintiff's argument that his claims under the FDCPA and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") were independent of the violation of the discharge injunction, explaining that

II. The Court Lacks Jurisdiction Over Plaintiff's FDCPA and State Law Causes of Action

A Court must satisfy itself that is has subject matter jurisdiction regardless of whether a party has asserted lack of subject matter jurisdiction.[11] The Court evaluates its subject matter jurisdiction in accordance with 28 U.S.C. § 1334. That section provides:

> the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
>
> 28 U.S.C. § 1334(b).

Bankruptcy courts are referred cases under title 11, and proceedings arising under title 11 or arising in or related to a case under title 11, by the district court. 28 U.S.C. §157(a). The congressional grant of jurisdiction to the bankruptcy court under this section is limited.[12] Bankruptcy judges may hear all core proceedings arising under title 11, or arising in a case under title 11, as well as non-core proceedings that are otherwise "related to" a case under title 11.[13]

---

while it is possible to allege claims under the FDCPA that are factually independent from a creditor's violation of the Bankruptcy Code, the Plaintiff failed to allege any facts in support of his FDCPA and RFDCPA that did not implicate the discharge injunction).

[11] *See Kline v. Deutsche Bank Nat'l Trust Co. (In re Kline),* 420 B.R. 541, 552, n.28 (Bankr.D.N.M. 2009)(stating that "this Court has an obligation to dismiss a claim *sua sponte* if the court has no subject matter jurisdiction.")(citations omitted); *Williams v. Life Sav. and Loan,* 802 F.2d 1200, 1202 (10th Cir. 1986)(*per curiam*)(stating that "[i]t is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue.")(citations omitted). Defendants' concession in their Reply in Support of Defendants' Motion to Dismiss Plaintiff's Second, Third and Fourth Claims for Relief that they do not contend that this Court lacks jurisdiction over Plaintiff's claims asserted under the FDCPA, NM-UPA and New Mexico common law cannot confer subject matter jurisdiction upon the Court. *See Enterprise Bank v. Eltech, Inc. (In re Eltech, Inc.),* 313 B.R. 659, 652 (Bankr.W.D.Pa. 2004)(holding that "of course, . . . it matters not to the Court's decision to dismiss for lack of subject matter jurisdiction that the parties . . . have stipulated to the existence, and indeed consent to the exercise, of subject matter jurisdiction . . . . because '[p]arties can neither waive nor consent to subject matter jurisdiction.'")(quoting *Wolverine Radio,* 930 F.2d 1132, 1137-1138 (6th Cir. 1991)).

[12] *See Gardner v. United States (In re Gardner),* 913 F.2d 1515, 1517 (10th Cir. 1990)(stating that "[b]ankruptcy courts have only the jurisdiction and powers expressly or by necessary implication granted by Congress.")(citation omitted).

[13] *See* 28 U.S.C. §157(b)(1)("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . ."); 28 U.S.C. § 157(c)(1)("A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.");

"Core" proceedings are proceedings that involve rights created by bankruptcy law or matters that arise in a bankruptcy case.[14] Core proceedings also include proceedings otherwise defined as "core proceedings" under 28 U.S.C. §157(b)(2). "Non-core" proceedings can exist independently from the bankruptcy case and do not invoke substantive rights created under applicable bankruptcy law.[15]

The factual allegations contained in Plaintiff's Complaint concern Defendants' post-petition actions in serving upon Plaintiff a summons and complaint from a pre-petition debt collection action initiated in state court despite having actual notice of Plaintiff's pending bankruptcy case.[16] Claims for damages under 11 U.S.C. § 362(k) based on alleged actions taken post-petition in violation of the automatic stay fall squarely within this Court's core jurisdiction.[17]

---

*Personette v. Kennedy (In re Midgard Corp.,),* 204 B.R. 764, 771 (10th Cir. BAP 1997)(explaining bankruptcy court's non-core, "related to" jurisdiction).

[14] *Gardner,* 913 F.2d at 1518.

[15] *In re Wood,* 825 F.2d 90, 97 (5th Cir. 1987).

[16] *See* Complaint, ¶¶ 15 – 17, 20 – 21 and 23. Other than reciting that Defendants filed a complaint for collection against Plaintiff in state court prior to the filing of Plaintiff's bankruptcy proceeding, it does not appear that any of the allegations in the Complaint in support of Plaintiff's claims describe pre-petition actions. Plaintiff's primary concern focuses on the post-petition service of the state court complaint and summons. Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Second, Third and Fourth Claims asserts that before the filing of Plaintiff's bankruptcy petition, the Law Offices of Ferrell & Seldin contacted Plaintiff "on a number of occasions by phone and by mail in an attempt to collect on the GE debt." *See* Docket No. 23, p.1. Any claim under the FDCPA, NM-UPA, or New Mexico common law premised on pre-petition conduct would be property of the Plaintiff's bankruptcy estate. *See* 11 U.S.C. §541 (property of the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."); *Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir.1996)(stating that property of the estate "includes causes of action belonging to the debtor at the commencement of the bankruptcy case.")(citations omitted); H.R.Rep. No. 595, 95th Cong., 1st Sess. 367, reprinted in 1978 U.S.C.C.A.N. 5963, 6323 (property of the estate under § 541 "will include choses in action and claims by the debtor against others."); *In re White*, 297 B.R. 626, 634 (Bankr.D.Kan. 2003)("An accrued cause of action belonging to the debtor at the commencement of the bankruptcy case is property of the estate.")(citing *In re Smith*, 293 B.R. 786 (Bankr.D.Kan.2003)). Thus, the Chapter 7 Trustee, rather than the Plaintiff, would be the proper party in interest to assert those claims. *See Parker v. Wendy's Int'l, Inc.,* 365 F.3d 1268, 1272 (11th Cir. 2004)("Generally speaking, a pre-petition cause of action is the property of the chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it.")(citation omitted). Once a pre-petition claim is abandoned by the Chapter 7 Trustee, such claim reverts back to the debtor and is no longer property of the bankruptcy estate so that the bankruptcy court would not have jurisdiction over the abandoned claim since the outcome would have no conceivable impact on the administration of the bankruptcy estate. *VonGrabe v. Mecs (In re VonGrabe),* 332 B.R. 40, 43-44 (Bankr.M.D.Fla. 2005).

[17] *See Johnson v. Smith (In re Johnson),* 575 F.3d 1079, 1083 (10th Cir. 2009)(finding that a proceeding under 11U.S.C. § 362(k) for alleged violations of the automatic stay "is a core proceeding because it 'derive[s] directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case.'")(quoting *MBNA Am. Bank, N.A. v. Hill,* 436 F.3d 104, 109 (2d Cir. 2006)(remaining citation omitted)).

Plaintiff's claims under the FDCPA, the NM-UPA, and New Mexico common law do not raise substantive rights created under bankruptcy law, can exist independently of a pending bankruptcy case, and are not otherwise defined as core proceedings under 28 U.S.C. §157(b)(2).[18] Thus, for the Court to have jurisdiction over those claims, they must fall within the Court's non-core, "related-to" jurisdiction.

Most courts that have considered this issue have found that the bankruptcy court does not have subject matter jurisdiction over a Chapter 7 debtor's post-petition claims for violation of the FDCPA.[19] This Court agrees. The test for determining whether the bankruptcy court has, non-

---

[18] *See Wynne v. Aurora Loan Services, LLC (In re Wynne),* 422 B.R. 763, 770 (Bankr.M.D.Fla. 2010)(finding that the debtors' claims under the FDCPA and the Florida Consumer Collection Practices Act were not causes of action created by the Bankruptcy Code and could exist outside of the bankruptcy case)(citing *In re Veinneau,* 410 B.R. 329, 334 (Bankr.D.Mass. 2009)). *See also, Harlan v. Rosenberg & Associates, LLC (In re Harlan),* 402 B.R. 703, 711 (Bankr.W.D.Va. 2009)(stating that "[v]iolations of the FDCPA give rise to a private right of action that 'may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction.'")(quoting 15 U.S.C. §1692k(d)).

[19] *See Wynne,* 422 B.R at 772 (holding that debtors' claims for slander of title, violation of the FDCPA, and violation of the Florida Consumer Collection Practices Act did not fall within the bankruptcy court's "related to" jurisdiction); *King v. 1062 LLP (In re King),* 2010 WL 3851434 (Bankr.D.Colo. Sept. 24, 2010)(dismissing debtor's claims for violation of the FDCPA and the Colorado Consumer Protection Act based on defendant's post-petition actions because such claims did not fall within the bankruptcy court's non-core jurisdiction); *Lambert v. Schwab (In re Lambert),* 438 B.R. 523 (Bankr.M.D.Pa. 2010)(no bankruptcy court jurisdiction over post-petition claims under FDCPA); *Vienneau v. Saxon Capital, Inc. (In re Vienneau),* 410 B.R 329 (Bankr.D.Mass. 2009)(finding that bankruptcy court lacked subject matter jurisdiction over chapter 7 debtor's postpetition claims for violation of the FDCPA and state law claims); *Harlan,* 402 B.R. at 712 (finding that debtor's FDCPA claims did not fall within the bankruptcy court's "related to" jurisdiction because "the disposition of a post-petition FDCPA claim will have no conceivable effect on a debtor's bankruptcy estate."); *In re Shortsleeve,* 349 B.R. 297 (Bankr.M.D.Ala. 2006)(bankruptcy court lacked subject matter jurisdiction over debtor's FDCPA claim arising from defendant's post-discharge activity); *Csondor v. Weinstein, Treiger & Rile, P.S. (In re Csondor),* 309 B.R. 124 (Bankr.E.D.Pa. 2004)(holding that bankruptcy court could not exercise "related to" jurisdiction over FDCPA claim); *Vogt v. Dynamic Recovery Services (In re Vogt),* 257 B.R. 65 (Bankr.D.Colo. 2000)(bankruptcy court did not have jurisdiction to hear or adjudicate debtor's FDCPA claim); *Goldstein v. Marine Midland Bank, N.A. (In re Goldstein),* 201 B.R. 1, 5 (Bankr.D.Me. 1996)(holding that bankruptcy court lacked jurisdiction over FDCPA claims). *See also, McGlynn v. The Credit Store, Inc.,* 234 B.R. 576, 584 (D.R.I. 1999)(District Court concluding that the Bankruptcy Court lacked jurisdiction over plaintiff's FDCPA claim because such claim could have no effect on the bankruptcy estate). *Cf. Beige v. Sallie Mae Servicing, L.P. (In re Beige),* 417 B.R. 697 (Bankr.M.D.Pa. 2009)(finding that debtors' claims under the FDCPA based on post-Chapter 13-discharge activity did not fall within the bankruptcy court's "related to" jurisdiction and dismissing debtor's FDCPA claim for lack of jurisdiction); *In re Steele,* 258 B.R. 319, 322 (Bankr.D.N.H. 2001)(holding that bankruptcy court lacked jurisdiction over FDCPA and state law claims arising out of post-Chapter 13-discharge collection activity); *Torres v. Chase Bank USA, N.A. (In re Torres),* 367 B.R. 478 (Bankr.S.D.N.Y. 2007)(bankruptcy court lacked subject matter jurisdiction over state law fair credit reporting act).
 Applying the same reasoning to an FDCPA claim brought in connection with a Chapter 13 case yields a different, but consistent result. *See, e.g., Turner v. Universal Debt Solutions, Inc. (In re Turner),* 436 B.R . 153, 157

7

core, "related-to" jurisdiction over a proceeding is "'whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'"[20] A factual nexus between the alleged conduct and the Plaintiff's bankruptcy case is insufficient, in and of itself, to confer "related to" jurisdiction on the Bankruptcy Court to hear a claim under the FDCPA.[21]

Here, Plaintiff's factual assertions in support of her claims under the FDCPA, the NM-UPA and New Mexico common law relate to post-petition actions. Therefore, such claims do not constitute property of her bankruptcy estate, and any recovery, should she prevail on these claims, would have no conceivable impact on the administration of her Chapter 7 bankruptcy

---

(M.D.Ala. 2010)(finding that bankruptcy court had "related to" jurisdiction over Chapter 13 debtor's claim for violation of FDCPA, reasoning that the outcome could have an effect on the estate being administered, because any recovery would become property of the chapter 13 estate); *Price v. America's Servicing Co. (In re Price),* 403 B.R. 775, 779 (Bankr.E.D.Ark. 2009)(FDCPA claims raised by Chapter 13 debtor were sufficiently "related to" the bankruptcy to fall within the bankruptcy court's non-core jurisdiction because of the potential impact on the Chapter 13 estate).

        Other courts reach the opposite conclusion and find that the bankruptcy court has jurisdiction to hear FDCPA claims. *See, e.g., Smith v. Butler & Associates (In re Smith),* 2008 WL 4148923, *1 (Bankr.D.Kan. Aug. 29, 2008) (finding that bankruptcy court had jurisdiction over both FDCPA and related state law claims "since the United States District Courts have jurisdiction of an action to enforce any liability created by the FDCPA and jurisdiction to hear state law claims . . . which are so related to the claims for which original federal jurisdiction exists as to be part of the same case or controversy"); *In re Burgess,* 2007 WL 130818, *2 n.3 (Bankr.E.D. Va. 2007)(recognizing that whether the bankruptcy court would have subject matter jurisdiction over debtor's FDCPA claim remained unsettled, but determining, based on an unreported decision of the district court that the bankruptcy court could exercise jurisdiction over the FDCPA claim); *Littles v. Lieberman (In re Littles),* 90 B.R. 669, 674 (1988), *aff'd as modified by* 90 B.R. 700 (E.D.Pa. 1988)(finding that chapter 7 debtors' FDCPA claim was a non-core, "related to" proceeding because such claim was property of the bankruptcy estate, even if all amounts that the debtors recover are exempt). *See also, Burns v. LTD Acquisitions, LLC (In re Burns),* 2010 WL 642312, *4 (Bankr.S.D.Tex. Feb. 18, 2010)(concluding that claims for damages under state and federal law are core matters "when they are based on the same facts as the claim for violation of the §524 injunction" reasoning that the scope of the bankruptcy court's jurisdiction covers more than proceedings that involve property of the estate, and that, because the test for "related to" jurisdiction in the Fifth Circuit considers whether the "'outcome could alter the debtor's rights, liabilities, options or freedom of action'" it is broad enough to encompass the debtor's claims under the FDCPA and state law)(quoting *In re Majestic Energy Corp.,* 835 F.2d 87, 90 (5th Cir. 1988) and citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383 (5th Cir. 2010)); *Cf. Lomax v. Bank of America, N.A.,* 435 B.R. 362 (N.D.W.Va. 2010)(finding that claims arising under the bankruptcy code and and FDCPA claims should be tried together in the district court for purposes of judicial efficiency).

[20] *Gardner,* 913 F.2d at 1518 (quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1983)). *See also, Lawrence v. Goldberg,* 573 F.3d 1265, 1270 (11th Cir. 2009)(same).

[21] *King,* 2010 WL 3851434 at * 1 (citing *In re Harlan,* 402 B.R. 703 (Bankr.W.D.Va. 2009)).

8

estate.[22] These claims, therefore, do not fall within the Court's limited, "related to" non-core jurisdiction. The Court will dismiss Plaintiff's Second, Third, and Fourth claims in the Complaint due to a lack of subject matter jurisdiction. An order consistent with this Memorandum will be entered.

          /s/ Robert H. Jacobvitz
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 7, 2011

COPY TO:

Deborah M. DeMack
Attorney for Plaintiff
9400 Holly Avenue NE, Building 4
Albuquerque, NM 87122

Jack Brant
Attorney for Defendants
202 Tulane SE
Albuquerque, NM 87106

---

[22] *See* 11 U.S.C. §542; *Goldstein,* 201 B.R. at 5 (reasoning that plaintiff's FDCPA claim was not "related to" plaintiff's bankruptcy cases because "[w]in, lose or draw, the outcome of [plaintiff's] FDCPA . . . claim[ ] cannot 'conceivably have any effect on the estate being administered in bankruptcy.'")(quoting *Pacor,* 743 F.2d at 994). *Cf. Wynne,* 422 B.R. at 772 (where debtors' allegations stemmed from alleged post-petition activity to collect on a pre-petition debt, bankruptcy court lacked subject matter jurisdiction over debtors' claims under the FDCPA and Florida law; bankruptcy court could hear debtors' claim for willful violation of the automatic stay and for violation of the discharge injunction); *McGlynn,* 234 B.R. at 584 (reasoning that because plaintiffs' FDCPA claim involved post-discharge conduct, any "recovery would belong to them, not to their respective [bankruptcy] estates."); *King,* 2010 WL 3851434 at *1 (reasoning that the debtor's claims that arose after the filing of debtor's bankruptcy estate were "not property of the Debtor's chapter 7 estate" so that resolution of those claims "cannot 'conceivably have any effect on the estate being administered in bankruptcy.'"(quoting *Gardner,* 913 F.2d at 1518).